Although a deputy surveyor is not intitled by law to the full fees of a survey, unless all the lines are run and marked, yet if an imperfect survey has been accepted by the owner without objection, and the full fees paid to the deputy surveyor, the latter cannot claim to diminish the usual compensation of the surveyor who performed the work under him, by objecting to the manner in which the work was done.

ROSS *against* EVANS, Administrator of WALLIS.

THIS was an action of *indebitatus assumpsit* to recover from the defendant's intestate, who was a deputy surveyor, the amount of the plaintiff's demand for surveying at the instance and for the account of the intestate, in 1792, 3, and 4.

The declaration contained three counts: the first, *indebitatus assumpsit* for work done; the second, for money paid by the plaintiff for the use of the intestate; and the third, for money had and received by the intestate to the use of the plaintiff. The action was brought to *December* term 1798, and was tried before *Brackenridge* J. at a Circuit Court for *Lycoming*, in *May* 1807.

Upon the trial it was proved that the plaintiff had executed a number of surveys for Mr. *Wallis* in the usual manner of executing company surveys, that is, by running the exterior lines of the body. These surveys had been accepted by the proprietors, and the full fees paid to Mr. *Wallis*. In other cases of the like kind, no exception appeared ever to have been taken to the surveys, but there was no positive evidence of the full fees having been paid to *Wallis*. No evidence was given of any contract by *Wallis* to pay the plaintiff a particular sum, but it was proved to have been his practice to allow his agents one third of his full official fees; and the plaintiff's account was formed upon this basis.

The exceptions taken to the plaintiff's recovering below, were: 1. His delay to institute the suit until after *Wallis's* death, which happened in 1795. 2. His omission to shew warrants for all the surveys he had made, and also a regular deputation from *Wallis*, without which he had no authority to make a survey. 3. The invalidity of the surveys he had made, by running merely a part of the lines, which, if *Wallis* had not already received full fees, would prevent his representatives from receiving them, and if he had received them, would render his representatives liable to pay them back.

His honour charged the jury as to the *first* point, that although there was some reason for examining with strictness, a claim which was not brought forward during the party's life, yet it was a mere circumstance, to be explained by other circumstances in the case. *Secondly*, That although regularly in such cases the agent should be able to produce a formal deputation, yet it had not been the practice to give it, and therefore the jury were to collect from all the evidence whether the plaintiff had been employed by *Wallis*. And *thirdly* that although there never ought to have been a survey made, without marking the trees, or setting up stones or posts, yet the *usage* had been where there were several warrants, and the owner did not request otherwise, to run the general outline, or to take the adjoining surveys, and plot a survey from those lines. That an owner was not bound to take such a survey, but that if he did, he was bound to pay for it. That the case in which it had been determined that full fees were not recoverable, was where the owner had been dissatisfied, and demanded an actual marking of the boundaries. But that as between the deputy and his agent the case was not the same, where such a survey had been made, the owner satisfied, the survey adopted by the principal, and the fees received by him. It was not reasonable that such deputy should object to the act of his agent in such a case; it was not competent to him to object to the work, if he received full fees for it, of which the jury would judge.

The jury found for the plaintiff nearly his entire demand, and his honour refused to set aside the verdict.

Upon an appeal by the defendant to this court, the motion for a new trial was argued on his behalf by *Watts* and *Dun-*

*can*, who in support of their argument below upon the third point, relied upon *Woods* v. *Ingersoll.* (a) They at the same time made a new objection to the plaintiff's recovery in this suit, on the ground that the evidence applied to a count for a *quantum meruit* and not to *indebitatus assumpsit.*

*Hall* and *Huston* for the plaintiff.

TILGHMAN C. J. The plaintiff's action is for surveying work done at the request of *J. Wallis* deceased, who was a deputy surveyor. The declaration contained a count in *indebitatus assumpsit* for work &c. done by the plaintiff; another for money paid by the plaintiff for the use of the defendant; and a third for money had and received by the defendant for the use of the plaintiff. In the argument in this court, the defendant's counsel have urged some objections which were not made at the trial, to the relevancy of the evidence as applied to the declaration. But I am not disposed after a verdict to pay much regard to exceptions not relied on at the trial, and no way bearing on the merits of the cause. On a motion for a new trial, the great question is, whether the justice of the case has been attained?

There is one exception, and but one which appears to have any weight, and that I shall proceed to consider. The law directs, that all the lines of a survey should be run and marked on the ground. The defendant says, that the plaintiff did not run all the lines of the surveys made by him, and therefore he ought not to have the full price of a survey regularly made. It should be here remarked that it was proved that *Wallis* had allowed, to other persons employed by him, one third of his official fees, but there was no evidence of any particular agreement between him and the plaintiff. It was held by this court in the case of *Woods* v. *Ingersoll* &c. that a surveyor was not intitled to his full fees, where the survey was imperfectly made. And if this had been a suit by *Wallis* against any of the persons for whom the surveys were made, there is no doubt but his account would have been docked, unless it had appeared, that the manner of making the surveys was known and consented to. The plaintiff contends that where the lines

(a) 1 *Binn.* 146.

were not run, the parties interested knew of it and were satisfied; that *Wallis* accepted the work, as it was done, and took the benefit of it, by charging and receiving his full official fees; and there was proof, that he had received his full fees for a considerable number of surveys. If in fact *Wallis* received the full benefit of the plaintiff's work, the objection which has been taken, would come with an ill grace from the mouth of his administrator. I can perceive no error in law, in the charge of the judge who tried this cause. It was substantially to this effect: That if the owners of the surveys were satisfied, the surveys adopted by the principal, and the full fees received by him, he ought not to object to the manner of doing the work. Whether this was the case he left to the jury. It has considerable weight with me, that the judge declares himself perfectly satisfied with the verdict. The view of the evidence which this court can take, is at best but imperfect. Many circumstances are omitted by the most accurate note taker. And of the credibility of the witnesses we know nothing. There are one or two features of this case, which strike me as unfavourable to a new trial. Fifteen years have elapsed since this work was done. It must be presumed that in most instances the surveys have been returned; and we know that the returns are never made till the fees are paid. The defendant produced no proof whatever, that in any instance the owners of the survey refused to pay the fees; and I think that he was unreasonable in calling on the plaintiff to produce proof that warrants were issued in all the cases, in which surveys had been made, when the documents of the plaintiff's work were necessarily put into the hands of Mr. *Wallis*, and the defendant might easily have known whether warrants were issued or not. He stood on the *defensive*, and produced no evidence. The plaintiff has been kept a long time out of his money, and the jury allowed him no interest. I think it most probable, that in many cases the surveys were not completely made. But still, considering all circumstances, there is great reason to suppose that *Wallis* has reaped the fruits of them. I am not satisfied that the defendant has been wronged by the verdict. That being the case, the jury having decided on the

1810.

Ross
v.
Evans.

merits, and finding no misdirection in point of law, I must give my opinion that the judgment of the Circuit Court be affirmed.

YEATES J. concurred.

Judgment affirmed.